\IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DIANE COLE and RANDY COLE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 04-3075-CV-S-RED |
| | ) | |
| THEODOSIA MARINA-RESORT, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is the Motion of Plaintiffs to Exclude or Limit the Testimony of Defendant's Experts Albert Vangura, Jr., M.S., (Doc. 60) and the Motion of Plaintiffs to Exclude or Limit the Testimony of Defendant's Expert William J. Vigilante, Jr. Ph.D., (Doc. 62). In the Motions, Plaintiffs argue that the conclusions reached by both of Defendant's experts should not be submitted to the jury because they do not reach the threshold required by Federal Rule of Evidence 702 or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) because they have no basis in fact and are speculative, and because the testimony is not the product of reliable principles and methodology, and finally because the testimony invades the province of the jury without scientific basis.

On Wednesday, May 18, 2005, the Court held an evidentiary hearing to address the issues raised in Plaintiffs' Motion. Defendant called both experts to give evidence during the hearing, and both experts were extensively examined by counsel for Defendant and cross-examined by counsel for Plaintiffs.

For an expert's opinion to be admissible, it must both assist the trier of fact and be reasonably reliable. *See United States v. Larry Reed & Sons P'ship*, 280 F.3d 1212, 1215 (8th Cir. 2002) (per curiam); Fed. R. Evid. 702. The Court has serious concerns about the reliability of the testimony proffered by Dr. Vigilante and Mr. Vangura. All things considered, it appears to this Court that "there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). However, more significantly, assuming that the experts' qualifications, and

their testing and underlying data supporting their opinions sufficiently supports the opinions' reliability for *Daubert* purposes, the Court finds that, in general, neither expert's opinion would assist the trier of fact and, therefore, would be inadmissible at trial.

As explained by counsel, this case hinges on the credibility of two witnesses—Plaintiff Diane Cole, who alleges that she was following one of Defendant's employees down a staircase when the employee shut off the light, causing Ms. Cole to fall and injure her ankle, and Defendant's employee, who alleges that she followed Ms. Cole down the staircase, that she did not turn the light off, and that Ms. Cole twisted and injured her ankle at the bottom of the stairs. The long and short of this case is that it is a swearing match over the circumstances of Ms. Cole's fall. The jury must decide the credibility issue. Beyond that each juror will have personal knowledge and experience concerning descending stairs, the effect of lights being on or off, and what can happen if one falls while descending stairs. The proffered expert testimony would only serve to confuse rather than assist the jury on these factual issues.

The one possible exception to this ruling could be the light levels in the stairway with the lights on or off. There was indication at the hearing that Plaintiffs have an expert, identified as Dr. Green, who may testify about his measurement of the light levels. If this occurs, then the testimony by Dr. Vigilante regarding his measurement of the light levels would become relevant. Plaintiffs' counsel objected to the timeliness of this part of Dr. Vigilante's testimony since it was first revealed at the hearing and not in any Rule 26 expert disclosures. The Court recognizes the late notice; however, since it apparently was not a new issue (Dr. Green had previously raised it) and Plaintiffs' counsel got the opportunity to essentially depose Dr. Vigilante on this issue at the hearing, the Court will deny Plaintiffs' timeliness objection if this matter is raised at trial. The Court still has serious doubts as to whether Dr. Green will be allowed to testify on this issue at trial.

The Court emphasizes to the parties that this simple slip-and-fall case is not going to be turned into a scientific and engineering project. The jury will be very capable of sorting out the facts based on

2

eyewitness accounts and their understanding of the physical layout of the stairs. The introduction of lux, lumens, and milliseconds into the evidence carries a high likelihood of causing way more confusion than any assistance the evidence would provide to the jury. For these reasons the Court will be very mindful of limiting the evidence accordingly at trial.

Accordingly, it is hereby

ORDERED that the Motion of Plaintiffs to Exclude or Limit the Testimony of Defendant's Experts Albert Vangura, Jr., M.S., (Doc. 60) is **GRANTED**. It is further

ORDERED that the Motion of Plaintiffs to Exclude or Limit the Testimony of Defendant's Expert William J. Vigilante, Jr. Ph.D., (Doc. 62) is **GRANTED IN PART AND DENIED IN PART.** Dr. Vigilante may be allowed to testify as to the effect of the change of lighting levels on Ms. Cole's ability to descent the stairs if this issue is allowed in during Plaintiffs' evidence.

**IT IS SO ORDERED.**

DATE:   May 19, 2005   */s/ Richard E. Dorr*
　　　　　　　　　　　　　　　RICHARD E. DORR, JUDGE
　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT